## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF
## IOWA CENTRAL DIVISION

| | |
|---|---|
| KAREY K. LARKIN,<br><br>PLAINTIFF,<br><br>vs.<br><br>ALLEN, LEWIS & ASSOCIATES, INC.,<br><br>DEFENDANT. | **Civil Action No.**<br><br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Karey Larkin ("Plaintiff" or "Larkin") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Allen, Lewis & Associates, Inc. (hereinafter "Defendant" or "Allen, Lewis & Associates"), alleges as follows:

## I.   INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.   PARTIES

3.  Plaintiff, Karey Larkin, is a natural person residing in Dallas County, Iowa.

4.   Defendant, Allen, Lewis & Associates, Inc. is a business engaged in the collection of debts owed to another in the State of Iowa.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7.   At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Reiman Music, which was used for personal, family, or household use.

8.   Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9.   Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. Sometime during May, 2010, the Plaintiff received a collection call from a representative of the Defendant, who was attempting to collect a debt. The representative contacted the Plaintiff's place of employment and left a message on the general voice mail box to have the Plaintiff call the Defendant back. The Defendant identified themselves as Allen, Lewis & Associates. In the voice message, the representative of the Defendant stated the call was from a debt collector. The Plaintiff's co-worker, Debbie Waddell heard the voice message.

11. The Plaintiff contacted the Defendant and explained that she was not allowed to receive calls at work and to cease contacting that number.

12. Sometime during June, 2010, the Plaintiff received another message from the Defendant who contacted her at her place of employment to call the Defendant back. The representative failed to state who the call was from.

13. The Plaintiff again contacted the Defendant and stated that they had called her place of employment. The Plaintiff again advised that she was not allowed to receive calls at work and requested the Defendant cease contacting that number. The Plaintiff then requested the Defendant forward her a bill for the alleged debt, provided her

mailing address, and stated that after she verified that the debt was in fact owed, she would set up a payment arrangement.

14. Since the date of the Plaintiff's initial communication with the Defendant in May, 2010, the Defendant has failed to forward the required written correspondence to the Plaintiff stating the amount of the debt and the Plaintiff's right to request verification of the debt

15. Sometime during July, 2010, a male representative of the Defendant contacted the Plaintiff's place of employment and left a message for the Plaintiff to call the Defendant back. The representative failed to state who the call was from.

16. The Plaintiff called the Defendant back shortly after she received the message in July. The Defendant stated he was with Allen, Lewis and that he was collecting a debt on behalf of Remain Music. The Plaintiff first expressed that she could not receive calls at work and requested the Defendant cease contacting that number. The representative of the Defendant pursued requesting the Plaintiff make immediate payment on the account. The Plaintiff then ended the phone call.

17. The Plaintiff received an additional collection call from a female representative of the Defendant in July, 2010. The Plaintiff again stated that she could not receive calls at work and requested the Defendant cease calling her employer and to please mail her a bill.

18. The Plaintiff again received a call from a representative of the Defendant at her place of employment sometime during August, 2010. The representative failed to state who the call was from but was calling for the purposes of verifying the Plaintiff's employment.

19. On or about March 10, 2011, the Plaintiff received a call from a representative of the Defendant, a Mr. David Wells, on her cell phone. Mr. Wells did not state was company he was calling from. Mr. Wells stated that he was collecting a debt on behalf of Reiman Music. The Plaintiff recognized the representative's phone number as the same company which contacted her in May, June, July and August, 2010. The Plaintiff informed the representative that he would be receiving a call from the Plaintiff's attorney.

20. On or about March 11, 2011, the Plaintiff received a call from the Defendant at her place of employment. Initially a female representative called the Plaintiff and once the

Plaintiff was on the phone, Mr. Wells then took over the phone conversation. The Plaintiff advised the because the Defendant had continued to call her place of employment after she had repeatedly requested they not do so, she would be seeking legal action against the Defendant. Mr. Wells then yelled loudly at the Plaintiff that the cease and desist calls to her employment must be in writing.

21. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, loss of sleep and anxiety.

## V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

22. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. Allen, Lewis & Associates, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    c. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

    d. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing,

within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

24. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

25. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

26. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

27. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

28. Allen, Lewis & Associates, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692d(5); 1692e(11); 1692f; and 1692g(a).

   b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or locations known to be inconvenient, with the intent to annoy, harass or threaten a person.

   c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

   d. The Defendant violated Iowa Code § 537.7103(5)(3) by communicating with the debtor in connection with the collection of debt when the debt collection knows the debtor is being represented by an attorney and the

attorney's name and contact information is known or could be easily ascertained.

29. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

31. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,


  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF